# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| KBRANCH, INC., LEON CHEN, and TINA CHEN, | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | C.A. No. N23C-10-021 PAW CCLD |
| BSI3 MENU BUYER INC., | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) ) ) | |

Submitted: July 23, 2025
Decided: September 12, 2025

## MEMORANDUM OPINION AND ORDER

*Upon Plaintiffs' Exceptions to the Discovery Facilitator's Final Report and Recommendation, Plaintiffs' Exceptions are **DENIED**;*
*The Discovery Facilitator's Final Report and Recommendation is **ADOPTED**, in whole.*

Kurt M. Heyman, Esq.; Denise S. Kraft, Esq,; Elizabeth A. DeFelice, Esq.; and Gillian L. Andrews, Esq., of Heyman Enerio Gattuso & Hirzel, LLP; Scott Lesowitz, Esq., of Lesowitz Gebelin LLP. *Attorneys for Plaintiffs/Counterclaim Defendants.*

Ryan D. Stottman, Esquire, and Cassandra Baddorf, Esquire, of Morris, Nicols, Arsht, & Tunnell LLP; Jordan D. Weiss, Esq.; Samuel J. Rubin, Esq.; Lindsay Hoyle, Esq.; and Collin M. Grier, Esq., of Goodwin Procter LLP. *Attorneys for Defendant/Counterclaim Plaintiff.*

**WINSTON, J.**

## I.    <u>INTRODUCTION</u>

An appointed Discovery Facilitator issued a Report and Recommendation granting Defendants' Motion for Sanctions. For the reasons set forth below, the Court **AGREES WITH** the Discovery Facilitator, and **ADOPTS** the Discovery Facilitator's Final Report and Recommendation resolving this discovery dispute. In turn, the Court **DENIES** Plaintiffs' Exceptions to the Discovery Facilitator's Final Report and Recommendation.

## II.    <u>FACTUAL AND PROCEDRUAL BACKGROUND</u>

### A.    APPOINTMENT OF THE DISCOVERY FACILITATOR

On October 18, 2024, Buyer moved to compel Sellers' production of all responsive, non-privileged documents from Mr. Chen's @yahoo.com email address (the "Yahoo Mailbox").[1] The Motion to Compel explained that, in April 2024, Sellers produced documents, but did not produce documents from the Yahoo Mailbox.[2] From May to October 2024, Buyer requested that Sellers produce responsive documents from the Yahoo Mailbox and ultimately moved to compel.[3] On November 6, 2024, the Court ordered Sellers to produce "all responsive, non-privileged documents from" the Yahoo Mailbox on or before November 20, 2024.[4]

---

[1] Docket Item ("D.I.") 85 (hereinafter "Mot. to Compel").

[2] Mot. to Compel ¶ 9.

[3] Mot. to Compel ¶¶ 10-18.

[4] D.I. 99; *see also* D.I. 181 (hereinafter "Mot. for Sanctions") ¶ 9.

On November 19, 2024, Sellers produced 832 documents from the Yahoo Mailbox.[5] On November 22, 2024, Buyer questioned whether the production was complete and requested Sellers confirm the search parameters and date ranges, as well as describing any search limitations applied.[6]

On April 7, 2025, this Court appointed a Discovery Facilitator to oversee the parties' discovery obligations in this action.[7]

## B. THE DISCOVERY FACILITATOR'S REPORT AND RECOMMENDATION

On June 4, 2025, Buyer[8] filed a Motion for Contempt and Discovery Sanctions, requesting that the Court sanction Sellers and their lead attorney ("Lead Counsel")[9] pursuant to Superior Court Civil Rule 37(b).[10]

On July 8, 2025, the Discovery Facilitator issued his report and recommendation (the "Report").[11] The Discovery Facilitator recommended that the Court grant the Motion for Contempt and Discovery Sanctions, but not as to the full

---

[5] Mot. for Sanctions ¶ 10.

[6] *Id.* ¶ 11.

[7] D.I. 156.

[8] The term "Buyer" refers to Defendant/Counterclaim Plaintiff BSI3 Menu Buyer Inc. The term "Sellers" refers to Plaintiffs/Counterclaim Defendants KBranch, Inc., Leon Chen, and Tina Chen. Leon Chen is referred to as "Mr. Chen."

[9] Lead Counsel has been admitted *pro hac vice*. D.I. 6; D.I. 145.

[10] *See* Mot. for Sanctions.

[11] D.I. 187 (hereinafter "Discovery Facilitator's Report").

amount requested.[12] Instead, he recommended that Sellers and Lead Counsel be jointly and severally responsible for an award of $101,919 in reasonable expenses.[13]

## C. PLAINTIFFS' EXCEPTIONS

Plaintiffs first assert that the recommended award is disproportionate to the prejudice alleged. They argue that the following facts render the recommended award of $101,919 grossly disproportionate: (1) Sellers complied with the Order, albeit delayed;[14] (2) the Motion for Sanctions was not brought as nor accompanied by a motion to compel and sought only monetary relief;[15] (3) the Motion for Sanctions contains "no allegations of spoliation" and "no allegations that evidence was intentionally withheld or concealed by Sellers;"[16] and (4) Sellers advised Buyer of the forthcoming production in advance, which permitted Buyer sufficient time to review the documents.[17]

Plaintiffs additionally argue that the recommended award is not reasonable. First, Plaintiffs assert that the Court should be cognizant of issuing large monetary awards that could "roil the waters rather than calm them," and should instead

---

[12] Discovery Facilitator's Report at 39-40.

[13] *Id*. at 40.

[14] D.I. 189 ("Op. Br.") at 5.

[15] Op. Br. at 5.

[16] *Id*. at 6.

[17] *Id*. at 6.

consider issuing "a small, symbolic amount" to signal the behavior was improper without imposing the full cost of a discovery motion.[18]

Plaintiffs further argue that: (1) the amount of fees Buyer seeks includes time entries from which it is impossible to discern what discovery dispute is being referenced;[19] (2) Buyer spent an unreasonable amount of fees on work related to the Motion;[20] and (2) Sellers should not be forced to shoulder the Buyer's fees for work that would have been required in any event, regardless of the production delay.[21] They calculate a total of 14.6 hours and $14,695 in fees for work that would have been performed regardless of the timing of Sellers' production. Thus, they argue, the circumstances warrant a smaller award.

Accordingly, Plaintiffs request that the Court, upon consideration of their submitted exceptions, reduce the award set forth in the Discovery Facilitator's Report and Recommendation.

---

[18] Op. Br. at 8 (citing J. Travis Laster and Elise Bernlohr Maizel, *Discovery as a Compliance Problem*, 50 J. CORP. L. 53, 85 (2024)).

[19] *Id*. at 8-9.

[20] *Id*. at 10.

[21] *Id*. at 11.

**D.    BUYER'S OPPOSITION TO SELLER'S OBJECTIONS**

In response to Plaintiffs' submitted exceptions, Buyer also requests that the Court exercise its discretion to increase the award to include Buyer's reasonable attorneys' fees incurred drafting the Opposition to the Exceptions.[22]

## III.    STANDARD OF REVIEW

A Discovery Facilitator's Report is subject to *de novo* review by this Court.[23]

## IV.    ANALYSIS

After careful *de novo* review of the Discovery Facilitator's Report and Recommendation, the Court adopts it in whole.

As noted in the Recommendation, issues not raised in prior briefing submitted to the Discovery Facilitator or at oral argument concerning a discovery motion are deemed waived.[24]   Accordingly, the Court does not need to consider the following arguments raised by Plaintiffs for the first time in their submitted exceptions: (1) that "most of the documents" Sellers produced late were already in Buyer's possession; and (2) that the attorneys' fees that Buyer seeks are unreasonable due to the number of attorneys and the amount of hours spent related to this issue.

---

[22] D.I. 191 (hereinafter "Opposition") at 11.

[23] Ch. Ct. R. 144(b)(2); *Rivest v. Hauppauge Digital, Inc.*, 2022 WL 3973101, at *15 (Del. Ch. Sept. 1, 2022) (citing *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999)).

[24] Discovery Facilitator's Report at 24; *see also Saunders v. Preholding Hampstead, LLC*, 2012 WL 1995838, at *3 (Del. Super. May 23, 2012) ("issues not addressed in briefing, and raised for the first time during oral argument, are deemed waived.").

### A. THE RECOMMENDED AWARD IS PROPORTIONATE TO THE PREJUDICE ALLEGED.

The Recommendation found that Buyer was prejudiced by Sellers' late production of the majority of the Yahoo Mailbox documents in violation of this Court's discovery order.[25] Sellers do not dispute that they produced approximately 1,500 documents after the Court-ordered deadline.[26] Further, Buyer has demonstrated that Sellers' withholding of the Yahoo Mailbox documents for several months did prejudice Buyer.[27] Buyer's legal invoices submitted in connection with the Sanctions Motion confirm that Buyer spent 88.2 hours over approximately six months to pursue and review approximately 1,500 documents that should have been produced months earlier as a consequence Sellers' deficient November 2024 production.[28] Thus, there is no merit to Sellers' argument that recommended award is not proportionate to the prejudice alleged by Buyer.

### B. THE RECOMMENDED AWARD IS REASONABLE.

As to Sellers' argument concerning a lack of sufficient detail in certain time entries regarding Buyer's fees, Delaware law does not require a specific level of

---

[25] Discovery Facilitator's Report at 24-25 ("At bottom, Sellers' exculpatory argument is 'no harm, no foul.'. . . But there has indeed been harm.").

[26] Op. Br. at 1-2.

[27] Discovery Facilitator's Report at 25-26.

[28] *Id*. at 34-35.

detail.[29]  Rather, "[t]he Court 'has broad discretion in determining the amount of fees and expenses to award.'"[30]  As the Court of Chancery stated in *Seidman v. Blue Foundry Bancorp*:[31]  "'Determining reasonableness does not require that this Court examine individually each time entry and disbursement.' Nor does it 'require the Court to assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic.'"[32]

The fees sought were sufficiently tied to Buyer's efforts after and as a consequence of Seller's failure to meet the November 20, 2024 deadline, based on a combination of the invoices submitted, including the time entry descriptions and dates contained therein, and the sworn attorney declaration.[33]  Accordingly, the Report's award of $101,919 in fees is reasonable.

---

[29] *Macrophage Therapeutics, Inc. v. Goldberg*, 2021 WL 5863461, at *2 (Del. Ch. Dec. 10, 2021).

[30] *PVH Polymath Venture Holdings Ltd. v. TAG Fintech, Inc.*, 2024 WL 371084, at *9 (Del. Ch. Jan. 31, 2024) (quoting *Seidman v. Blue Foundry Bancorp*, 2023 WL 4503948, at *8 (Del. Ch. July 7, 2023)).

[31] *Seidman*, 2023 WL 4503948, at *8.

[32] *Id.* (citations omitted).

[33] Discovery Facilitator's Report at 33-37.

**C.** **THE COURT DENIES BUYER'S REQUEST TO AWARD THE ATTORNEYS' FEES INCURRED DRAFTING THE OPPOSITION TO THE EXCEPTIONS.**

Buyer also requests that the Court, in its discretion, increase the award to include Buyer's reasonable attorneys' fees incurred drafting its Opposition to the Exceptions.[34] Buyer cites *Matter of Est. of Barros*,[35] in which the Court of Chancery awarded attorneys' fees incurred in connection with responding to exceptions filed. There, the Court of Chancery awarded attorney's fees because the Special Master's Report and Recommendation concluded that "the matters [] raised [within the exceptions] were generally not relevant to the matter at hand,"[36] and, the Court of Chancery, in turn, found that "exceptions fail[ed] to address the issue that is the subject of the report."[37]

Here, the Court finds that exceptions submitted address the issue that is the subject of the Report. Accordingly, the Court will not exercise its discretion increase the award to include Buyer's reasonable attorneys' fees incurred drafting its Opposition.

---

[34] Opposition at 11.

[35] *Matter of Est. of Barros*, 1994 WL 515574, at *2 (Del. Ch. July 5, 1994).

[36] *Id.* at *1.

[37] *Id.* at *2.

## V.   CONCLUSION

For the reasons set forth above, the Court agrees with the Discovery Facilitator, and **ADOPTS** the Discovery Facilitator's Final Report and Recommendation.  Thus, the Court **DENIES** Plaintiffs' Notice of Exceptions to the Discovery Facilitator's Final Report and Recommendation.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**